Eastern District of Kentucky
**F I L E D**

AUG 2 9 2022

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO. 22-cr-76-DCR**

**UNITED STATES OF AMERICA**            **PLAINTIFF**

V.            **PLEA AGREEMENT**

**FARRELL MARCUM**            **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1), the Defendant will enter a guilty plea to the sole count in the Indictment charging a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. The Defendant agrees to the Forfeiture.

2. The essential elements of 18 U.S.C. § 922(g) are:

   (a) Defendant knowingly possessed the firearm charged,

   (b) At the time the Defendant possessed the firearm, he had been previously convicted of crime punishable by a term of imprisonment exceeding one year,

   (c) Defendant knew that he was a felon, and

   (d) The firearm was transported in interstate commerce

3. As to count in the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

On March 29, 2021, the Estill County Sheriff's Office got a call from the local

hospital in Estill County that a man had been shot. The man was interviewed and explained that he had been at Farrell Marcum's house when Marcum told him to get off his property and proceeded to shoot him while the man was in a car and leaving the property. Deputies learned that Marcum was a convicted felon and could not be in possession of a firearm. They sought a warrant for his house and person for evidence of firearms and the shooting.

Once at the residence, officers located a loaded Taurus pistol, Model G3, 9 mm caliber, SN # ACA411568, on the end table in the living room along with what appeared to be some drug residue in a small bag next to the Taurus. There appeared to be straws next to the bag of residue with one having a burnt end. An interstate nexus expert would testify at trial that the Taurus had traveled in interstate or foreign commerce prior to being in Marcum's possession. After the execution of the warrant, Marcum agreed to speak with officers and admitted that he knowingly possessed the Taurus firearm found by law enforcement.

Marcum admits that prior to being in possession of the Taurus that he had been convicted of a crime punishable by imprisonment of more than one year. Marcum was previously convicted in United States District Court for the Eastern District of Kentucky in case number 98-cr-25, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and of possession of a stolen firearm in violation of 18 U.S.C. § 922(j).

4. The statutory term of imprisonment for a conviction for the count of the

Indictment is not more than 10 years, a fine of not more than $250,000.00, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per Count applies, and the Defendant will pay the assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. The guidelines will be determined by all relevant conduct in paragraph 3 and information provided in discovery. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.), August 1, 2021, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2K2.1(a)(6), the base offense level is 14 because the defendant was a prohibited person at the time the defendant committed the instant offense.

    (c) Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), the base offense level is increased by 4 because the defendant used the firearm in connection with another felony offense.

    (d) Pursuant to U.S.S.G. § 3E1.1(b) and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 3 levels for the Defendant's acceptance of responsibility.

    (e) There may be restitution owed in this case.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States could prove that a nexus exists between the property and criminal conduct. The Defendant further agrees to waive any and all provisions of Rule 32.2 pertaining to the timing of the filing of forfeiture orders.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time.

The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV<br>
UNITED STATES ATTORNEY

Date: __8/29/22__     By: _____
Emily K. Greenfield
Assistant United States Attorney

Date: __8/29/22__     _____
Farrell Marcum
Defendant

Date: __8/29/22__     _____
Scott Hayworth
Attorney for Defendant

7